## Ex parte LEWIS CRANDALL.

Justices of the peace alone have power to try and commit deserted seamen, under the Acts of Congress; and commissioners of the United States Courts can only arrest and commit for trial.

On finding a commitment illegal, if it appear that the party is guilty of an offence, the Court will not discharge him without allowing time for his arrest by proper authority.

HABEAS CORPUS.—Crandall's petition, sworn to, stated that he was confined in the jail of San Francisco, by virtue of a commitment made by a commissioner to take acknowledgments of bail and affidavits in civil causes in Courts of the United States, appointed under a law of the United States, upon the pretext that the petitioner was a deserted seaman from the ship Hornet, then in the port of San Francisco; that said commissioner had no authority to make such commitment; and that the master of the ship was about to take the petitioner to sea on a voyage to China; and praying a writ of habeas corpus directed to the sheriff, &c. Justice Heydenfeldt ordered a writ to be issued by the clerk of this Court, returnable before the Court forthwith. The return was in accordance with the facts stated in the petition.

Justice HEYDENFELDT delivered the opinion of the Court. The cause of arrest is admitted to arise from the charge of being a deserted seaman from the ship Hornet; and the arrest and commitment are made by warrant from a United States commissioner. Desertion is an offence against the laws of the United States, and is so made by the seventh section of the Act of 1790; and the same act confers jurisdiction on justices of the peace alone to issue warrants of arrest, try the issues, and commit the deserter. No other act seems to invest any other officer with a similar jurisdiction. The Act of 1842 gives commissioners the same power as is given to justices of the peace by the thirty-third section of the Act of 1789; but that section only gives the power to arrest and commit for trial, but gives no power to try. It results, therefore, that the commissioner has no such jurisdiction

as is claimed, and that the prisoner is improperly held in custody under a warrant issued by him.

Its importance, however, to the commercial interests existing in every port, renders it desirable and necessary that the Act of Congress should be enforced; and the relief which this Court will always grant against an improper exercise of jurisdiction, must not be used as a means of escape from the performance of a duty required by law, or from the penalty which the law inflicts.

It is therefore ordered, that the prisoner remain in custody until six o'clock this evening; when he shall be discharged, unless again arrested by warrant from the proper authority.